**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Mark Holland and Sarah Holland, *on behalf of their minor child, H.H.*,

Plaintiffs,

v.

Google, LLC, YouTube, LLC, and Doe Corporations, *1-50*,

Defendants.

File No. 25-CV-04149 (JMB/JFD)

**ORDER**

---

Erik Hageman and Tariq Miller, Pritzker Hageman, P.A., Minneapolis, MN, for Plaintiffs Mark and Sarah Holland.

Stephen P. Laitinen, Larson King, LLP, St. Paul, MN; and John Thomas Cofresi (*pro hac vice*) and Mandeep Kaur (*pro hac vice*), Wood Smith Henning & Berman, LLP, New York, NY, for Defendants Google, LLC, and YouTube, LLC.

---

This matter is before the Court on Google, LLC and YouTube, LLC's (together, Defendants) Motion for Judgment on the Pleadings. (Doc. No. 51.) For the reasons explained below, the Court denies Defendants' motion in part.

**BACKGROUND**

Mark and Sarah Holland (together, Plaintiffs) are the parents of their minor child, H.H.[1] (Doc. No. 4-1 [hereinafter, Compl.] ¶ 2.) Google, LLC and YouTube, LLC, are both Delaware limited liability companies that conduct business in the state of Minnesota. (*Id.* ¶¶ 3–4.) Morgan Kennedy is not a party to this case, but she received a FLIKRFIRE

[1] Since the child is a minor, H.H.'s name has been redacted from docketed materials.

Tabletop Fireplace (hereinafter, "FLIKR") which she used with her child and H.H. on March 9, 2024. (*Id.* ¶¶ 38–39.) Kennedy worked for Target where she led a brand partnership between Target and Defendants. (*Id.* ¶¶ 28–29.) At some point prior to 2022, Defendants mailed Kennedy, and other Target employees, the FLIKR, along with graham crackers, chocolate, and marshmallows following the marketing campaign. (*Id.* ¶¶ 30, 33.) The FLIKR device contained the YouTube logo on the front and did not come with any instructions or warnings. (*Id.* ¶¶ 31, 37.)

The FLIKR is a tabletop fireplace made from a cylindrical cement with an opening in the middle for the fire to burn. (*Id.* ¶¶ 9–10.) The FLIKR uses isopropyl alcohol as its fuel source, which is stored in a separate container and poured into the circular opening of the device. (*Id.* ¶¶ 11, 21.) Because isopropyl alcohol is a highly flammable liquid, flames near a container of this liquid can ignite the vapors in the bottle and result in flame jetting. (*Id.* ¶¶ 12–16, 19–26.) Flames expelling out of the container can travel a significant distance in seconds. (*Id.* ¶¶ 24–25.) By 2019, FLIKR had caused severe injuries and deaths to multiple victims. (*Id.* ¶¶ 35, 53–54.)

A few years after Kennedy received the FLIKR, on March 9, 2024, H.H. went to Kennedy's home for a sleepover with her son, and they used the device to make s'mores. (*Id.* ¶ 38–40.) After the group finished making s'mores, Kennedy, holding the uncapped bottle of isopropyl alcohol, turned and brought the bottle over the still-burning FLIKR. (*Id.* ¶ 45.) The vapor in the headspace of the alcohol bottle ignited and the isopropyl alcohol container erupted, causing a stream of fuel vapors and liquid to project in H.H.'s direction. (*Id.* ¶ 51.) H.H. suffered 3rd degree burns to 16% of his body. (*Id.* ¶ 53.)

Plaintiffs commenced this personal injury action on September 30, 2025, on behalf of H.H. in Hennepin County and the case was removed to District Court on October 30, 2025. (Doc. No. 8.) Plaintiffs allege both claims of negligence and negligence entrustment, specifically that Defendants breached their duty by supplying and distributing a dangerous product without adequate warnings or instructions. (Compl. ¶ 59.) Plaintiffs seek damages in excess of $50,000 for the medical expenses H.H. has incurred, and the future loss H.H. will endure as a result of physical and mental pain. (*Id.* ¶ 8.)

**DISCUSSION**

Defendants have moved for judgment on the pleadings on the grounds that Plaintiffs' negligence claim is inconsistent with Minnesota's products liability jurisprudence, Plaintiffs failed to join necessary indispensable parties in the present action, and Plaintiffs failed to meet the elements of a negligence entrustment claim. Because Defendants rely on a legal standard that is not supported by case law and do not provide the Court with sufficient evidence regarding joinder of the FLIKR manufacturer, the Court denies in part Defendants' motion for judgment on the pleadings. However, the Court finds that the factual allegations in the Complaint do not sufficiently address each essential element of the negligent entrustment claim and, therefore, dismisses that claim.

As a threshold matter, the Court notes that the standard for motions under Federal Rule of Civil Procedure 12(b)(6) also applies to motions for judgment on the pleadings brought under Rule 12(c). In reviewing a Rule 12(c) motion, courts accept as true the allegations in the complaint and draw all reasonable inferences in a plaintiff's favor. *Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014). The allegations must be detailed enough

to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## I. INAPPLICABILITY OF STRICT PRODUCTS LIABILITY STANDARDS

Defendants first argue that the Court should apply strict products liability standards to the negligence claim in the Complaint and grant judgment in its favor on the pleadings because the allegations in the Complaint do not establish the elements of strict products liability. (Doc. No. 52 at 12–15.) Absent legal authority to support this argument, however, the Court disagrees and denies the motion as it relates to the negligence claim.

In a diversity action, this Court must "apply the forum state's substantive law to any state-law claims." *May v. Nationstar Mortg., LLC*, 852 F.3d 806, 813 (8th Cir. 2017). In failure to warn cases under a negligence theory, "a plaintiff must prove (1) the existence of a duty of care, (2) a breach of that duty, (3) an injury, and (4) that the breach of the duty of care was a proximate cause of the injury." *Domagala v. Rolland*, 805 N.W.2d 14, 22 (Minn. 2011). When a complaint includes both products liability and negligence claims, "Minnesota merges negligence and strict liability claims into a single products liability theory." *McDougall v. CRC Indus., Inc.*, 523 F. Supp. 3d 1061, 1070 (D. Minn. 2021) (merging three separate strict liability claims (defective design, manufacturing defect, and failure to warn) with a negligence claim and citing *Thompson v. Hirano Tecseed Co.*, 456 F.3d 805, 809 (8th Cir. 2006)).

In this case, Plaintiffs do not assert a claim of strict products liability or reference Minnesota Statute, section 544.41;[2] instead, they assert a negligence claim and a negligent entrustment claim. Defendants urge this court to analyze these claims under a theory of strict liability. (Doc. No. 52 at 12.) Defendants, however, direct this Court to no binding legal authority that supports the proposition that courts must transform negligence claims into strict liability claims, when the plaintiff has not alleged strict liability. Importantly, in each case cited by Defendants, the plaintiffs alleged both negligence and strict liability claims. (*Id.*) *See Ehlers v. Siemens Med. Sols., USA, Inc.*, 251 F.R.D. 378, 383 (D. Minn 2008) (merging negligence and strict liability for design defect after the plaintiff alleged claims of "negligence . . . and strict liability for design defect, manufacturing defect, and failure to warn"); *Bilotta v. Kelley Co.*, 346 N.W.2d 616, 618, 623 (Minn. 1984) (finding that submitting a jury instruction on a "single theory of products liability" was a proper instruction, when plaintiff had again, alleged claims of "strict liability, negligence, and breach of warranty" after suffering "severe and permanent brain damage as a result of an industrial accident"); *Am. Fam. Ins. Co., S.I. v. Pecron, LLC*, No. 21-CV-01749 (KMM/DJF), 2023 WL 8654202, at *5 (D. Minn. Dec. 14, 2023) (merging strict liability and negligence into one theory where plaintiff alleged claims of negligence and strict liability against defendant).

---

[2] Defendants make several arguments referencing section 544.41, which limits the liability of non-manufacturers "[i]n any product liability action based in whole or in part on strict liability in tort." Minn. Stat. § 544.41 (2025). Because this Court has determined that Plaintiffs claims arise under a theory of negligence and not under strict liability, this Court need not address the arguments made under this specific statutory provision.

In contrast to those cases, there is no strict liability claim in this case and no binding authority cited that requires the Court to apply strict liability standards to the negligence claim that Plaintiffs assert. *See Lyzhoft v. Waconia Farm Supply,* No. A12-2237, 2013 WL 3368832, at *4–5 (Minn. App. Jul. 8, 2013) (reviewing claims of negligence and strict liability separately rather than under one unified theory); *Tabish v. Target Corp.*, No. A10-2129, 2011 WL 2519209, at *3–4 (Minn. App. Jun. 27, 2011) (same). Because Defendants rely on an incorrect legal standard and present no argument under the appropriate negligence standard, the Court denies their motion for judgment on the pleadings.

## II. JOINDER

In the alternative, Defendants also argue that the negligence claim should be dismissed for failure to join the FLIKR manufacturer. (Doc. No. 52 at 19.) Because Defendants have not shown that joinder is not feasible, they have not provided a justification to dismiss the case for failure to join an indispensable party.

In a diversity action, joinder is governed by Rule 19 of the Federal Rules of Civil Procedure (FRCP). *See Provident Tradesmens Bank &Trust Co. v. Patterson*, 390 U.S. 102, 125 n.22 (1968) ("[i]t has been clear that in a diversity case the question of joinder is one of federal law"); *Hanna v. Plumer*, 380 U.S. 460, 465 (1965) ("federal courts are to apply state substantive law and federal procedural law"). "A nonparty is indispensable to an action if (1) the nonparty is necessary; (2) the nonparty cannot be joined; and (3) the action cannot continue in equity and good conscience without the nonparty." *U.S. ex rel. Steele v. Turn Key Gaming, Inc.*, 135 F.3d 1249, 1251 (8th Cir. 1998). When joinder of an indispensable party is not feasible, courts may consider whether "the action should proceed

among the existing parties or should be dismissed." Fed. Civ. R. P. 19(b); *see also Fairview Health Servs. v. Armed Forces Off. of Royal Embassy of Saudi Arabia*, 679 F. Supp. 3d 811, 823 (D. Minn. 2023) ("[t]he remedy for failure to join a required party is not dismissal; it is an order that the party be joined.").

Here, Defendants seek dismissal, arguing that the FLIKR manufacturer is a necessary and indispensable party, but they do not move to join any party. Assuming without deciding that FLIKR manufacturer is a necessary and indispensable party,[3] the Court cannot conclude, on this record, that joinder of the FLIKR manufacturer is not feasible. In their written submissions, Defendants make no argument that joinder is not feasible, and they include no documentation or evidence concerning the current status or financial viability of the FLIKR manufacturer. Likewise, at the hearing on the motion, while Defendants stated that the manufacturer is no longer actively conducting business, there is nothing in the record presented to support this statement.[4] Absent any information

---

[3] Although Defendants state that "the settlement and release of claims against the FLIKR manufacturer deprives Defendants of the ability to pursue contribution and indemnification from it" (Doc. No. 52 at 19), courts have found that "simply because a party may later bring a claim for indemnification or contribution against a non-party, does not make the non-party necessary." *Equal Emp. Opportunity Comm'n*, 313 F.R.D. at 101–02. *See Rochester Methodist Hosp. v. Travelers Ins. Co.*, 728 F.2d 1006, 1016–17 (8th Cir. 1984) (finding that the duty to indemnify the defendant did not amount to needing to join the party as necessary under FRCP 19(a)).

[4] Defendants provide no documentation concerning the FLIKR manufacturer's corporate organization or under what law it was organized. *See Barner v. Thompson/Ctr. Arms Co. Inc.*, 796 F.3d 897 (8th Cir. 2015) ("A corporation's capacity to be sued is determined by the law under which it was organized." (quoting Fed. R. Civ. P. 17(b)(2)). Nor do Defendants advance any legal argument regarding a company's capacity to be sued under that state's law.

and a well-developed legal argument, the Court cannot conclude that joinder of the FLIKR manufacturer is not feasible. Thus, the Court denies the motion.

## III. NEGLIGENT ENTRUSTMENT

Finally, Defendants argue that Plaintiffs failed to plausibly allege facts necessary to state a claim for negligent entrustment. The Court agrees and dismisses this claim.

To establish a negligent entrustment claim, a plaintiff must establish the following three elements: (1) the defendant supplied a chattel for the use of another person; (2) the defendant knew or had reason to know that the user, because of youth, inexperience, or otherwise, was to use it in a manner involving unreasonable risk of physical harm to himself or others, and (3) physical harm resulted. *Johnson v. Johnson*, 611 N.W.2d 823, 826 (Minn. Ct. App. 2000). "When courts apply the knowledge requirement, they focus on specific facts that the supplier knows about the person to whom it entrusted the chattel."[5] *Oppedahl v. Mobile Drill Int'l, Inc.*, 899 F.3d 505, 510 (8th Cir. 2018).

In this case, it is undisputed that Defendants supplied Kennedy with the FLIKR

---

[5] "Comment b. to [The Restatement (Second) of Torts § 390] elaborates on this requirement:

> [T]he supplier knows or has reason to know that such other is likely to use [the chattel] dangerously, as where the other belongs to a class which is notoriously incompetent to use the chattel safely, or lacks the training and experience necessary for such use, or the supplier knows that the other has on other occasions so acted that the supplier should realize that the chattel is likely to be dangerously used, or that the other, though otherwise capable of using the chattel safely, has a propensity or fixed purpose to misuse it.

*Id.*

when they mailed her the device, and it is undisputed that H.H. suffered severe burn injuries to 16% of his body. (Compl. ¶¶ 30, 52.) However, on the second prong, the Complaint does not contain sufficient allegations that Defendants knew or had reason to know that Kennedy would use the FLIKR in a manner involving unreasonable risk of physical harm to herself or others. According to the Complaint, Defendants knew that Kennedy was a Target employee capable of leading a brand partnership deal (*id.* ¶¶ 28–29), but there are no further allegations to indicate that Defendants knew or should have known that Kennedy would misuse the FLIKR device "because of youth, inexperience, or otherwise." *See e.g.*, *Oppedahl*, 899 F.3d at 510–11 (finding that "[p]laintiffs have not alleged any specific facts that would indicate [ ] had a history of irresponsible or incompetent behavior with the use of heavy machinery"); *Pritchett v. Kimberling Cove, Inc.*, 568 F.2d 570, 575–76 (8th Cir. 1977) (finding that defendant should have known that a 15 year old boy driving a motorboat in a busy marina with a "poor school record, little training in safe operation of the motorboats and no training [ ] in their operation at night" would use the motorboat in an unreasonably safe manner). Thus, Plaintiffs fail to plausibly allege sufficient facts to establish the required elements of a negligent entrustment claim.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendants' Motion for Judgment on the Pleadings (Doc. No. 51) is DENIED.

2. Plaintiffs' negligent entrustment claim is DISMISSED WITHOUT PREJUDICE. (Doc. No. 8-1.)

Dated: October 26, 2026

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court